IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH GOMES, | ) | CIVIL NO. 05-00363 LEK |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|      Defendant. | ) | |
| _____ | ) | |
| JOSEPH GOMES, | ) | CIVIL NO. 06-00477 LEK |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|      Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**
**PRODUCTION OF PHOTOGRAPHS AND FOR ATTORNEY FEES AND COSTS**

Before the Court is Plaintiff Joseph Gomes' ("Plaintiff") Motion to Compel Production of Photographs and for Attorney Fees and Costs ("Motion"), filed on December 14, 2007. Defendant the United States of America ("Defendant") filed its memorandum in opposition on December 31, 2007 and Plaintiff filed his reply on January 8, 2008. This matter came on for hearing on January 18, 2008. Appearing on behalf of Plaintiff was Fernando Cosio, Esq., and appearing on behalf of Defendant was Edric Ching, Assistant United States Attorney. After careful consideration of the Motion, supporting and opposing memoranda,

and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED
for the reasons set forth below.

## BACKGROUND

In the instant action under the Federal Tort Claims
Act, Plaintiff alleges that, on July 17, 2003, January 27, 2004,
June 10, 2005 and August 5, 2005, while incarcerated at the
Federal Detention Center at 351 Elliott Street in Honolulu,
Hawai`i ("FDC"), Plaintiff slipped and fell due to hazardous
conditions on the floor of the premises.  Plaintiff claims that
on July 17, 2003, he slipped near the food service counter in
Unit 4B ("First Alleged Slip").  The area where he slipped was
approximately fifteen to twenty feet from the shower.  On
January 27, 2004, Plaintiff allegedly slipped while walking next
to the rear stairway in Unit 4B.  On June 10, 2005, Plaintiff
allegedly slipped and fell on water near the front of his cell in
the Special Housing Unit ("SHU").  Plaintiff allegedly slipped
and fell near the Unit 4B food service area on August 5, 2005.

Plaintiff's counsel, Defendant's counsel, FDC's in
house counsel, and other FDC staff conducted an inspection of
Unit 4B and the SHU cell on September 14, 2007.  An FDC
corrections officer took photographs of Unit 4B and the SHU cell
with a digital camera.  The parties previously agreed that
Defendant would produce the photographs to Plaintiff's counsel
pursuant to a stipulated protective order.  Defendant's counsel

2

drafted a proposed protective order and transmitted it to Plaintiff's counsel for review and signature on October 9, 2007. [Exh. A to Motion (proposed protective order).]  Plaintiff, however, objected to certain provisions in the proposed protective order, including those preventing Plaintiff's counsel from mailing the photographs to Plaintiff[1] or from transmitting the photographs via e-mail.  Thus, neither Plaintiff nor Plaintiff's counsel have seen the photographs.

Plaintiff argues that Federal Rule of Civil Procedure 34(a)(2) requires Defendant to produce the photographs to allow Plaintiff to prepare for trial.  Plaintiff's counsel asserts that he needs to forward the photographs to Plaintiff so that Plaintiff can mark the areas where he slipped and fell. Plaintiff could not be present at the September 14, 2007 inspection because he had already been transferred to Adelanto. Plaintiff argues that without the photographs, counsel cannot determine the exact areas where Plaintiff fell and where corrections officers and other eye witnesses were when Plaintiff fell.  The photographs are also necessary to identify the location of warning cones which were allegedly in place during the First Alleged Slip.  Plaintiff argues that counsel cannot effectively depose the FDC's corrections officers and other eye

---

[1] Plaintiff is incarcerated at the Adelanto Correctional Facility ("Adelanto") in California.

3

witnesses without the photographs.  Plaintiff's counsel also believes that it may be necessary to forward the photographs to other witnesses for trial preparation.

Plaintiff's counsel suggested that the photographs be sent to a Bureau of Prisons ("BOP") administrator at Adelanto who could show the photographs to Plaintiff.  Plaintiff could mark the precise areas where he slipped and fell without having possession of the photographs.  Defendant's counsel rejected this suggestion.

Finally, Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 37(a), Defendant is subject to sanctions because of its failure to comply with Plaintiff's discovery requests.  Plaintiff asks the Court to award the reasonable attorney's fees and costs he incurred in connection with the instant Motion.

In its memorandum in opposition, Defendant states that, during the later part of 2006, the parties began discussing Plaintiff's request to inspect and photograph portions of FDC. On March 13, 2007, Defendant's counsel wrote Plaintiff's counsel and offered to allow the inspection subject to the following conditions, which the parties would memorialize in a protective order:

> 1) The photograph(s) will remain in your custody;
> 2) The photograph(s) may not be copied or transmitted onto your computer, CD or other

disk;
3)      You may show Plaintiff, any witnesses or your
        retained experts the photograph(s) but you
        may not allow them to have custody of the
        photograph(s); and
4)      Upon completion of this case, you must return
        the photographs to my office with a
        declaration stating that the photographs
        remained in your possession and that no
        copies of the photographs were made.

[Mem. in Opp. at 3 (citing Exh. B).]  Defendant was not willing

to compromise on these conditions and would not have allowed the

inspection if Plaintiff objected to them.  Plaintiff's counsel

did not express any objections and the parties scheduled the

inspection.

        Defendant's counsel did not learn of Plaintiff's

objections to the conditions until Plaintiff's counsel reviewed

the proposed protective order.  Defendant refused to produce the

photographs unless Plaintiff executed the proposed protective

order.  Defendant does not object to the production of the

photographs, but it does not want to produce them unless

Plaintiff accepts the conditions which he failed to object to

prior to the inspection.

        Defendant argues that BOP regulations prohibit

Plaintiff from possessing the photographs because they may pose a

security risk.  Prisoners could use the photographs to plan

riots, demonstrations, and/or escape attempts.  Defendant

contends that Plaintiff's possession of the FDC photographs

raises security concerns for FDC itself, as well as for other

similarly situated BOP facilities.  Defendant submitted a
declaration from FDC's warden stating that allowing Plaintiff to
have possession of the photographs while he is incarcerated
"would be detrimental to the security and good order of the
institution."  [Mem. in Opp., Decl. of Linda T. McGrew at ¶ 4.]

Where BOP regulations concern the entry of materials
into a BOP facility, BOP officials have broad discretion to apply
them.  Defendant argues that the regulation of inmates'
possession of personal photographs is reasonably related to the
government's legitimate penological interest in the inmates'
safety and that granting the Motion would contravene BOP
regulations.

Further, Defendant argues that the terms of the
proposed protective order do not prevent Plaintiff from
identifying the areas where he slipped and fell.  Plaintiff's
counsel can show Plaintiff the photographs in person.  Defendant
notes that Plaintiff's counsel knew when he accepted this case
that Plaintiff would serve his sentence outside of Hawai`i and
Plaintiff's counsel should have anticipated the additional costs
this would entail.  Defendant also emphasizes that, throughout
this litigation, Plaintiff has had other opportunities to
describe where he slipped.  For example, during his deposition,
Plaintiff refused to draw a diagram showing where he slipped.

Defendant maintains that Plaintiff's counsel can

6

effectively depose FDC personnel under the terms of the proposed protective order.  Plaintiff's counsel can show them the photographs and allow them to make notations on the photographs during the depositions.  Plaintiff's counsel can also ask them to draw diagrams showing the relevant areas.  Thus, Plaintiff can obtain the information he seeks in the instant Motion without violating the terms of the proposed protective order.

In his reply, Plaintiff argues that he will be unable to properly oppose Defendant's motion for summary judgment without the photographs.  He also argues that the proposed protective order is overly restrictive because it would not allow the parties to make the photographs a part of any deposition transcript or to have commercial copying centers make copies of the photographs.  Plaintiff also contends that having Plaintiff and the FDC guards draw diagrams of the areas where Plaintiff fell is not an adequate alternative.  Such diagrams would not be accurate as they would likely not be to scale.  Further, they could be confusing and misleading and may be inadmissible at trial.

## DISCUSSION

Defendant apparently does not contest the fact that the photographs are discoverable, and Plaintiff is apparently willing to agree to a protective order.  The parties' dispute concerns the terms of the protective order.  Federal Rule of Civil

Procedure 26(c)(1) provides, in pertinent part:

>  The court may, for good cause, issue an order to
>  protect a party or person from annoyance,
>  embarrassment, oppression, or undue burden or
>  expense, including one or more of the following:
>          (A) forbidding the disclosure or discovery;
>          (B) specifying terms, including time and
>          place, for the disclosure or discovery;
>          . . . .
>          (E) designating the persons who may be
>          present while the discovery is conducted[.]

Defendant argues that there is good cause to require Plaintiff to agree to the proposed protective order because BOP regulations prohibit Plaintiff from possessing the photographs and the regulations are reasonably related to the government's legitimate penological interest in the inmates' safety.

BOP regulations define "hard contraband" as "any item which poses a serious threat to the security of an institution and which ordinarily is not approved for possession by an inmate or for admission into the institution."  28 C.F.R. § 553.12(b)(1).  Inmates are allowed to have personal photographs, subject to storage restrictions which are not at issue here, "so long as they are not detrimental to personal safety or security, or to the good order of the institution."  28 C.F.R. § 553.11(h).  Defendant contends that allowing Plaintiff to have possession of the photographs would be detrimental to the security and good order of FDC and other similarly situated BOP facilities.

The United States Supreme Court has recognized that, although prisoners are not automatically deprived of important

constitutional protections, the Constitution permits some greater restrictions of prisoners' rights than allowed under other circumstances.  See Beard v. Banks, __ U.S. __, 126 S. Ct. 2572, 2577 (2006) (citing Turner v. Safley, 482 U.S. 78, 84-85, 93 (1987); Overton v. Bazzetta, 539 U.S. 126 (2003) (some citations omitted)).  "As Overton (summarizing pre- Turner case law) pointed out, courts owe 'substantial deference to the professional judgment of prison administrators.'"  Id. at 2578 (quoting Overton, 539 U.S. at 132).  The Supreme Court has also held that "restrictive prison regulations are permissible if they are 'reasonably related to legitimate penological interests,' and are not an 'exaggerated response' to such objectives[.]"  Id. (quoting Turner, 482 U.S. at 87 (some quotation marks omitted)).

There are four factors that courts must consider in determining whether a regulation is reasonable.  See id.

> First, is there a valid, rational connection
> between the prison regulation and the legitimate
> governmental interest put forward to justify it?
> Second, are there alternative means of exercising
> the right that remain open to prison inmates?
> Third, what impact will accommodation of the
> asserted constitutional right . . . have on guards
> and other inmates, and on the allocation of prison
> resources generally?  And, fourth, are ready
> alternatives for furthering the governmental
> interest available?

Id. (citations and quotation marks omitted) (alteration in original).

Defendant argues that BOP regulations prohibit

Plaintiff from having possession of the photographs, which pose a
security risk because inmates could use them to plan riots,
demonstrations, and/or escape attempts.  The Court finds that
there is a valid, rational connection between the BOP regulations
prohibiting the possession of contraband and personal photographs
which pose a security risk and the government's interest in
maintaining security and order in BOP facilities.  Further, if
the Court ordered Defendant to allow Plaintiff to have possession
of the photographs, it could threaten the safety of the guards
and inmates of FDC and other similarly situated facilities.

       The Court also finds that there are other means
available for Plaintiff to review the photographs in preparation
for this case.  Plaintiff's counsel, or someone working with
Plaintiff's counsel, can meet with Plaintiff in person and show
the photographs to him.  The Court has considered Plaintiff's
suggestion that counsel mail the photographs to Adelanto so that
a prison official can show them to Plaintiff.  Although this
would prevent Plaintiff from taking possession of the
photographs, the Court finds that this is not a feasible option.
If a prison official showed Plaintiff the photographs and
instructed Plaintiff to identify relevant areas in them, the
official would effectively be acting as an agent of Plaintiff's
counsel.  This would be inappropriate and could lead to other
problems, including raising an inference that the official

10

influenced Plaintiff's responses.  The Court acknowledges the
importance of the photographs to the preparation of Plaintiff's
case and the fact that a personal meeting with Plaintiff will
involve significant time and expense for Plaintiff's counsel, but
the Court finds that is the only way to allow Plaintiff to review
the photographs while addressing the government's legitimate
penological interest in maintaining the safety and good order of
BOP facilities.

        The Court finds that the BOP regulations prohibiting
the possession of contraband and personal photographs which
present a safety risk are reasonable.  The Court acknowledges
that prison officials have broad discretion in applying these
regulations and the Court finds that the prohibition of
Plaintiff's physical possession of the photographs is not an
exaggerated response to the security risks they pose.

        The Court has reviewed the other requirements of the
proposed protective order and finds that they are reasonably
necessary to prevent the public disclosure of the photographs.
The requirements are reasonably related to the government's
legitimate penological interest in ensuring the security and good
order of FDC and other similarly situated facilities and they are
not an exaggerated response to those objectives.  Plaintiff
argues that the prohibition against the transmission of the
photographs by e-mail is unduly restrictive.  The Court finds

11

that this is a reasonable restriction because Plaintiff's counsel, or his agent, may show the photographs to potential witnesses and experts in person, such as during a deposition.

The Court therefore finds that there is no compelling reason to force Defendant to produce the photographs in spite of Plaintiff's refusal to sign the proposed protective order.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Compel Production of Photographs and for Attorney Fees and Costs, filed on December 14, 2007, is HEREBY DENIED.  The Court ORDERS the parties to meet and confer regarding a protective order and a schedule of further discovery.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, January 24, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JOSEPH GOMES V. UNITED STATES OF AMERICA; CIVIL NOS. 05-00363 LEK & 06-00477 LEK; ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PHOTOGRAPHS AND FOR ATTORNEY FEES AND COSTS**